United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING RAMONO RA PHAROL BEAUJAYAM,<br><br>    Appellant,<br><br>    v.<br><br>JOHN G. STUMPF,<br><br>    Appellee.<br>_____/ | No. C-11-3479 EMC<br><br><br>**ORDER RE MOTION TO DISMISS APPEAL**<br><br>**(Docket No. 3)** |

    Appellee John Stumpf has filed a motion to dismiss the appeal of King Ramono RA Pharol Beaujayam from the Bankruptcy Court's dismissal of an involuntary Chapter 7 bankruptcy petition. Docket No. 3. Appellant filed a late opposition to Stumpf's motion to dismiss. Docket No. 6.

    In Appellant's opposition, he challenges the impartiality of this Court and requests that the Court disclose "all financial and other conflicts of interest prior to proceeding in this case." Opp. at 1. Construing this request as an affidavit of bias or prejudice and request for recusal pursuant to 28 U.S.C. § 144, the Court has authority under that section and Civil Local Rule 3-15 to screen such requests in order to determine whether they are timely and legally sufficient. In the instant case, the Court determines that Appellant's affidavit is insufficient as it provides no allegations that would qualify as circumstances warranting disqualification under 28 U.S.C. § 455(a) or (b). This Court has no financial interest in the subject matter or parties to the proceeding within the meaning of § 455(d)(2). To the extent that Appellant requests that this Court recuse itself from the proceedings, the request is denied.

1  Upon review of the merits of this matter, it is apparent that, without further order from the
2  Bankruptcy court, this Court does not currently have jurisdiction to hear this appeal.  Appellant's
3  notice of appeal is untimely, as it was filed thirty days after the first notice of appeal in this action.
4  Under Fed. R. Bankr. P. 8002(a), "The notice of appeal shall be filed with the clerk within 14 days
5  of the date of the entry of the judgment, order, or decree appealed from.  If a timely notice of appeal
6  is filed by a party, any other party may file a notice of appeal within 14 days of the date on which
7  the first notice of appeal was filed, or within the time otherwise prescribed by this rule, whichever
8  period last expires."

9  In this case, the Bankruptcy Court filed its order granting the motion to dismiss the petition
10  on May 25, 2011.  *See* Docket No. 1.  Under 8002, Appellant had until June 8 to file his notice of
11  appeal or, if another party to the case timely filed an appeal by that date, he had up to 14 days after
12  that appeal was filed to file his own appeal.  Here, the first timely notice of appeal was filed on June
13  7, 2011, by another party, Mr. Stewart.  *See William-Bullock III Stewart v. John G. Stumpf*, Case No.
14  11-3386 EMC, Docket No. 1.  Appellant was therefore required to filed his notice of appeal no later
15  than June 21 (14 days after the filing of the first timely notice of appeal by Mr. Stewart).  However,
16  Appellant did not file his notice of appeal until July 7, 2011.[1]  Docket No. 1.[2]

17  "[T]he failure to timely file a notice of appeal is a jurisdictional defect barring appellate
18  review."  *In re Wiersma*, 483 F.3d 933, 938 (9th Cir. 2007) (quotation omitted); *see also In re*
19  *Delaney*, 29 F.3d 516, 518 (9th Cir. 1994) ("Although rule 8002 ... incorporates some flexibility, we
20  strictly enforce its time provisions.") (quoting *In re Slimick*, 928 F.2d 304, 306 (9th Cir. 1990)).
21  Appellant appears to argue that because his notice was filed 14 days after that of Dante De Torres, it
22  is timely.  *See* Opp. at 11.  However, Rule 8002 only provides for *one* 14-day extension beyond the

---

[1] Even crediting Appellant's argument that it was actually filed July 5, it would still be untimely.  *See* Opp. at 11.

[2] Appellant's notice of appeal asserts that he is also appealing the Bankruptcy Court's June 13, 2011 order denying a motion to appeal in forma pauperis ("IFP") and its June 23, 2011 order regarding petitioning creditors' disruptions of the clerk's office.  *See* Docket No. 1.  However, the June 13 order does not apply to Appellant as he is not named in the order as an applicant for IFP status.  *Id.*  In addition, the June 23 order merely sets out procedures for petitioners to follow for future filings with the court and as such does not give rise to an appeal.  *See* 28 U.S.C. § 158.

*first* timely notice of appeal. *See* 8002(a) ("[A]ny other party may file a notice of appeal within 14 days of the date on which the *first* notice of appeal was filed.") (emphasis added). Thus, once Mr. Stewart filed his notice on June 7, all other potential appellants were required to file their notices by June 21. Mr. De Torres' notice did not operate to further extend the appeal period.

Appellant's argument that the clock should have restarted upon Mr. Stewart's filing of an amended notice of appeal on July 7, 2011, *see* Opp. at 14, is also unavailing. Rule 8002 requires an appellant to file his notice of appeal, at the latest, within 14 days of the *first* timely filed notice of appeal. There is no other provision of the rule extending the appeal period by virtue of an amended notice of appeal. *Cf.* 8002(b) (tolling time for appeal for all parties if any party files one of four post-judgment motions with the Bankruptcy court). By the time Mr. Stewart filed his amended notice of appeal, the clock had already run out for Appellant Beaujayam. *See Law Works USA, Inc. v. Walton*, No. 10-60731-CIV, 2010 WL 3781387, at *4 (S.D. Fla. Sept. 22, 2010) (rejecting appellants' attempt to cure their untimely appeals by amending a timely appellant's appeal to include their names) (citing *Nocula v. UGS Corp.*, 520 F.3d 719, 721-22 (7th Cir. 2008)). To allow repeated extensions of the time to file an appeal based on one party's amendments would be contrary to the Ninth Circuit's mandate that outside certain enumerated exceptions in Rule 8002, "[t]he time provisions in Bankruptcy Rule 8002 are strictly enforced." *In re Nucorp Energy, Inc*., 812 F.2d 582, 584 (9th Cir. 1987) (quotations omitted).

Finally, Appellant's arguments with respect to the timeliness of notices of appeal filed by other appellants, and whether they were properly served, *see* Opp. at 10-11, 14, are inapposite since the only party to which Appellee's motion to dismiss applies is Appellant Beaujayam.

The only way in which Appellant's appeal would be timely is if he were granted an extension pursuant to 8002(c), under which the Bankruptcy court has discretion to "extend the time for filing the notice of appeal by any party." 8002(c)(1). Appellant asserts that he filed such a motion with the Bankruptcy court to extend time to file his notice of appeal. *See* Opp. at 14. Indeed, the docket sheet submitted with Appellant's Notice of Appeal, Docket No. 1 Exh. 4, indicates that he filed such a motion in the Bankruptcy court on July 5, 2011 at that court's Docket No. 71. Pursuant to Rule 8002(c)(2), Appellant would have to demonstrate "excusable neglect" in

order to warrant an extension from the Bankruptcy court because he filed the motion 14 days after the time for filing a notice of appeal had already expired. *See* 8002(c)(2) ("A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that *such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect*.") (emphasis added).

The Bankruptcy court's docket sheet indicates that the court has never ruled on Appellant Beaujayam's motion for an extension. Since the Bankruptcy court has yet to rule on Appellant's motion for an extension of time, this Court cannot consider the instant appeal. Only the bankruptcy court, not the district court or bankruptcy appellate panel, may extend the time for filing the notice of appeal." 10 A. Resnick & J. Sommer, Collier on Bankruptcy ¶ 8002.09 (16th ed. 2011). If the Bankruptcy court denies Appellant's motion, his appeal will be untimely unless he appeals the denial and can show that the Bankruptcy court's decision was an abuse of discretion. *See In re Cahn*, 188 B.R. 627, 629 (9th Cir. BAP 1995) ("The bankruptcy court's denial of a motion for extension of time to file an appeal is reviewed under an abuse of discretion standard."). If the Bankruptcy court grants the motion to extend, Appellant will have 14 days from the entry of that order to file his notice of appeal in this Court.

The fact that Appellant filed a motion to extend the time to file a notice of appeal that complies with Rule 8002(c)(2) does not, on its own, render his notice of appeal of the underlying court orders timely. The Tenth Circuit has considered this issue directly and held:

> "[T]he motion to extend [did not] automatically serve to extend the appeal time until such time as the bankruptcy court ruled on the extension motion. In order to qualify as a tolling motion, a pleading must seek 'substantive, not merely ministerial or clerical, relief.' *Munden v. Ultra-Alaska Assocs.*, 849 F.2d 383, 387 (9th Cir. 1988). Under Fed. R. Bankr. P. 8002(b), specific post-judgment motions act to toll the running of the time to appeal. As distinguished from motions to extend, motions that toll the time to appeal under Rule 8002(b) are those which seek to amend or add to the findings, or to alter or amend the judgment or to request a new trial or which seek relief from the judgment. *See Rettig v. Peters* (*In re Peters*), 191 B.R. 411, 415 (9th Cir. BAP 1996). A motion for extension of time is ministerial and does not qualify as a tolling motion."

*In re Higgins*, 220 B.R. 1022, 1026 (10th Cir. 1998).  While the Ninth Circuit does not appear to have expressly decided this issue, *see In re Peters*, 191 B.R. at 420 ("[W]e need not consider whether the appellant's motion to extend the time for filing her notice of appeal should be construed as a tolling motion."), the Court finds the Tenth Circuit's reasoning persuasive.  Indeed, as the District of Connecticut has noted with respect to the analogous Federal Rule of Appellate Procedure 4(a)(5), finding that the mere filing of a motion to extend the time to file an appeal tolled the time to appeal "would render superfluous the court's decision on the motion for extension of time to file a notice of appeal." *Nyack v. S. Conn. State Univ.*, No. 3:03-CV-839 (TPS), 2007 WL 162723, at *2 (D. Conn. Jan. 17, 2007).  Thus, absent the grant of an extension, Appellant's appeal is untimely.

Accordingly, pursuant to Civil Local Rule 7–1(b), the Court determines that this matter is appropriate for resolution without oral argument, and VACATES the hearing.  The Court hereby **REMANDS** this action to the Bankruptcy court pending its ruling on Appellant's motion for an extension of time to file a notice of appeal.

The Court also **GRANTS** Appellee's Request for Judicial Notice of the docket reports in the Bankruptcy Court and related appeals in this Court, Docket No. 4.  *See* Fed. R. Evid. 201.  As for Appellant's Request for Judicial Notice, Docket No. 8, the Court **GRANTS** the request as to Exhibits 6 and 7, the Bankruptcy court's orders.  The Court **DENIES** Appellant's other requests as moot.

This order disposes of Docket No. 3.

IT IS SO ORDERED.

Dated: October 4, 2011

_____
EDWARD M. CHEN
United States District Judge