United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KING RAMONO RA PHAROL BEAUJAYAM,<br><br>    Appellant,<br><br>    v.<br><br>JOHN G. STUMPF,<br><br>    Appellee.<br>_____/ | No. C-11-3479 EMC<br><br><br>**ORDER GRANTING APPELLANT'S MOTION TO PROCEED *IN FORMA PAUPERIS*; AND DISMISSING APPEAL WITH PREJUDICE**<br><br>**(Docket No. 14)** |

        The Court is in receipt of Bankruptcy Court Judge Efremsky's order granting Appellant Beaujayam's motion for an extension of time to file an appeal, and deeming his July 7, 2011 Notice of Appeal, Docket No. 1, timely. *See* Order Re Motion for Extension of Time to Appeal, No. 11-43325 RLE, Docket No. 83 (attached to this Order). Appellant's Notice of Appeal is therefore timely, and the Court deems this matter administratively re-opened so that it can consider Appellant Beaujayam's motion to appeal in forma pauperis ("IFP"). Docket No. 14.

        The Court construes the motion as a request to proceed *in forma pauperis* before this Court, and not the Ninth Circuit. In deciding this issue, the Court looks to the standard set forth in 28 U.S.C. § 1915(a).[1] *See, e.g.*, *McMillan v. TWA (In re TWA)*, 363 Fed. Appx. 213, 215 (3d Cir. 2010)

---

[1] Section 1915(a) applies to both prisoners and nonprisoners. *See Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 n.1 (S.D.N.Y. 2002) ("Although section 1915(a) refers to a 'statement of all assets such prisoner possesses,' this section has been applied by courts in their review of applications of non-prisoners as well.").

        No party has argued that the *in forma pauperis* motions should be decided pursuant to 28

(in case where district court denied bankruptcy appeal, noting that "[t]he District Court granted McMillan in forma pauperis status, denied his motion for a grand jury, and denied his [bankruptcy] appeal as frivolous under § 1915(e)(2)(B) because it lacked an arguable basis in law and in fact"; upholding district court's decision on appeal); *Randle v. United States*, No. 1:07-mc-00032-SMS, 2008 U.S. Dist. LEXIS 3511, at *1-2 (E.D. Cal. Jan. 7, 2008) (granting application to proceed in forma pauperis in bankruptcy appeal pursuant to § 1915); *cf. In re Perroton*, 958 F.2d 889, 896 (9th Cir. 1992) (concluding that a bankruptcy court is not a court of the United States for purposes of § 1915 and therefore not authorized to waive fees under § 1915).

The Court has evaluated the declaration submitted by Appellant and finds that it satisfies the economic eligibility requirement. *See McCone v. Holiday Inn Convention Ctr.*, 797 F.2d 853, 854 (10th Cir. 1982) (noting that § 1915(a) does not require an applicant to demonstrate absolute destitution) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339(1948)). The Court thus grants the motion to proceed *in forma pauperis*.

However, 28 U.S.C. § 1915(e)(2) requires a court to dismiss any case in which a litigant seeks leave to proceed *in forma pauperis* if the court determines that the action or appeal is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2). Here, the Court concludes that Appellant's bankruptcy appeal is frivolous. Appellant was a creditor in an involuntary bankruptcy petition against Mr. Stumpf.[2] Under 11 U.S.C. § 303(b), an involuntary petition is permitted only where there is no bona fide dispute as to liability or amount. *See* 11 U.S.C. § 303(b). In the instant case, as the Court has already explained in its order in *Stewart*

---

U.S.C. § 1930(f)(3). Furthermore, unlike the Seventh Circuit, the Ninth Circuit has not held that § 1930(f)(3) should apply to creditor *in forma pauperis* motions, *compare In re Richmond*, 247 Fed. Appx. 831, 832 (7th Cir. 2007) (stating that, under § 1930(f)(3), "the bankruptcy and district courts clearly have the authority to allow creditors to proceed in forma pauperis"); and there is at least a fair argument that the statute should not apply. *See Allen v. Stewart (In re Allen)*, No. 07-20389-TLM, 2009 Bankr. LEXIS 2122, at *9 (D. Idaho Apr. 28, 2009) (stating that "subsection f(3)'s language does not itself provide the ability or authority to waive fees" but rather "merely indicates that any such waiver would have to be 'in accordance with Judicial Conference policy'").

[2] As the Bankruptcy court noted in its Order regarding Mr. Beaujayam's motion to extend time, Mr. Beaujayam was not one of the original petitioning creditors in the underlying bankruptcy matter. However, he did later file a proof of claim, Claim No. 26-1, with the Bankruptcy court.

2

*v. Stumpf*, No. 11-3386, Docket No. 20, there is a bona fide dispute because the purported "judgment" the petitioning creditors obtained against Mr. Stumpf was issued by a California notary, and is therefore not valid. That is why the Bankruptcy court dismissed the involuntary petition.

Accordingly, pursuant to § 1915(e)(2), the Court dismisses the bankruptcy appeal filed before it. The dismissal is with prejudice because the "judgment" issued by the notary public is legally invalid. *Cf. Nordyke v. King*, 644 F.3d 776, 788-89 (9th Cir. 2011) (stating that a complaint should be dismissed with prejudice if it could not be saved by amendment).

For the foregoing reasons, the Court grants the *in forma pauperis* motion, and dismisses the appeal with prejudice. The Clerk of the Court is instructed to enter judgment in accordance with this opinion and close the file in this case.

This order disposes of Docket No. 14.

IT IS SO ORDERED.

Dated: October 24, 2011

_____
EDWARD M. CHEN
United States District Judge